KENNETH D. RESCOTT, P.T., et al., Individually and Doing Business as C.O.A.S.T., Also Known as CAYUGA ORTHOPEDIC AND

SPORTS THERAPY, Respondents, v AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA, Appellant. [778 NYS2d 633]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark N. Fandrich, A.J.), entered April 25, 2003. The judgment, insofar as appealed from, granted judgment in favor of plaintiffs declaring that defendant has a duty to defend plaintiff David A. McCune, individually and doing business as C.O.A.S.T., also known as Cayuga Orthopedic and Sports Therapy, a partnership, in an underlying action.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and judgment is granted in favor of defendant as follows: "It is ADJUDGED AND DECLARED that defendant has no duty to defend or indemnify plaintiff David A. McCune, individually and doing business as C.O.A.S.T., also known as Cayuga Orthopedic and Sports Therapy, a partnership, in the underlying action commenced by Maryann E. Defendorf against him."

Memorandum: Plaintiffs, individually and doing business as Cayuga Orthopedic and Sports Therapy (C.O.A.S.T.), a partnership, commenced this action seeking judgment declaring that defendant must defend and indemnify them in the underlying action commenced by Maryann E. Defendorf against them. In that underlying action, Defendorf seeks to recover damages for injuries she allegedly sustained as a result of plaintiffs' alleged malpractice and negligence.

Although defendant issued an occurrence malpractice policy to C.O.A.S.T., it is undisputed that the C.O.A.S.T. policy was not in effect at the time of the Defendorf injury. Defendant also issued a "claims made" malpractice policy to McCune, Ainslie & Associates (MA&A), a physical therapy provider, which was in effect at the time of the Defendorf injury. Plaintiff David A. McCune was a physical therapist for both MA&A and C.O.A.S.T.

Plaintiffs commenced this action after defendant refused to provide coverage for them under either policy. In moving for

summary judgment dismissing the complaint, defendant contended, inter alia, that the C.O.A.S.T. policy does not provide coverage because the Defendorf incident did not occur within the policy period, and the MA&A policy does not provide coverage for the Defendorf incident because plaintiffs were not insureds under that policy. Plaintiffs cross-moved for summary judgment declaring that defendant has a duty to defend McCune in the underlying action.

Supreme Court erred in granting judgment in favor of plaintiffs with respect to McCune. Because the incident occurred outside the policy period of the C.O.A.S.T. policy, McCune has no coverage under that policy. The MA&A policy provides that the named insured is listed on the declarations page, which lists only MA&A. The policy also expressly provides that MA&A, as the named insured, includes not only the partnership itself, but also "any of [its] employees . . ., but only while acting within the scope of their duties as such." Consequently, the policy covers McCune as an MA&A employee, but only for acts performed within his duties as an MA&A employee. Because Defendorf alleges in her complaint that she sustained injuries as a patient of C.O.A.S.T., not MA&A, the MA&A policy does not cover McCune for any negligence performed at C.O.A.S.T. Thus, we reverse the judgment insofar as appealed from and grant judgment in favor of defendant declaring that it has no duty to defend or indemnify McCune in the underlying action commenced by Defendorf. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.